FRANK CROFOOT'S EXR. *v.* W. T. DUVALL'S GDN.

[Abstract Kentucky Law Reporter, Vol. 5—57.]

**Power of the Chancellor to Coerce Payment by Arrest.**

> Where a rule against a trustee, at the end of a litigation is to bring the money into court, where the trust had been settled and the amount due ascertained, it should be produced or by response the trustee should have excused himself by showing his inability to pay the debt; and where the fund had not been placed in the hands of the trustee by an order of court, the chancellor could not by summary process imprison the trustee for non-payment, but an execution should have issued against the debtor. The chancellor had no power to imprison the trustee for failure to pay, where he had no property in his hands that he failed to deliver.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 26, 1883.

OPINION BY JUDGE PRYOR:

The questions arising upon the construction of the will of Frank Crofoot have been heretofore determined by this court, and the only difficulty presented in the present appeal arises on the cross-appeal of the infant, W. T. Duvall.

A judgment was rendered by the court below construing the will of the testator so as to vest in the child by its guardian the right to the control and custody of all the personal estate, and during the pendency of the appeal here a further judgment was rendered below or opinion given that the executor or trustee, Goodson, was entitled to the real estate, from which no appeal has been taken. The construction of the entire will, however, was before the court on the former appeal, and the reversal of the judgment below directing the executor and trustee to deliver over the entire estate to the guardian of the infant had the effect to annul any subsequent judgment or order entered in the same case after the appeal was taken

adverse to the judgment of this court. It is an awkward presentation of the case here, but such must be the effect of the judgment or mandate of this court. The appellee, however, may have a reversal of the judgment determining that the infant or guardian is not entitled to the real estate and its rents, but at his costs. The judgment or opinion that the cross-appeal is prayed from is not referred to in the cross-appeal, but as is usual this court is left to ascertain that fact by a perusal of the entire record, and but for the fact that the settlement of this estate had already been delayed too long the cross-appeal would not be noticed.

The judgment of Goodson must stand affirmed. An examination of the commissioner's report would lead to the conclusion that he is the principal devisee, instead of the grandchild of the testator, and that the court has been liberal in the allowances made and approved is evidenced by the expenditures and claims that constitute the bulk of appellant's credits in his settlement. It is deemed unnecessary to comment further on this branch of the case.

It is argued that the supplemental pleading ought not to have been filed after the appeal had been taken to this court, and the only objection made by counsel was in the form of a demurrer that was overruled. The purpose of the supplemental pleading was to enjoin the appellant from disposing of the estate in his hands, and to place it in the hands of a receiver. The estate was large and the trustee without right claiming to control it without any security to the appellee against loss. The appellant, as the affidavits show, was without any estate, or at least a sufficient estate to indemnify the infant against any misappropriation of the estate, and in such a state of case, although the appeal had been taken, it was proper to take steps to have the property secured; and a court of equity in which the rights of the parties were being or had been litigated was the proper tribunal in which to seek the relief. The settlement begun has progressed to a final termination regardless of the appeal here, and there is no question as to the liability of the appellant and the extent of recovery. The rule against the appellant to bring the money into court was proper, the balance having been ascertained the response constituted no defense to a judgment on the rule. The trust had been settled and the amount due ascertained by the commissioner in a litigation where every opportunity was afforded the appellant to present his defense, and when ruled to bring the money

into court he should have produced it, or by response excused himself by showing his inability to pay the debt if such was his pecuniary condition. The fund had not been placed in the hands of the trustee by an order of court, and the chancellor could not by summary process imprison the trustee for not paying over the money. A rule might go requiring him to pay the money and upon his* failure an execution would issue, but the chancellor had no power to imprison him for his failure to pay. He had no property in his possession that he failed to deliver, but he stood debtor to his ward by reason of his failure to account and pay over the moneys in his hands that came to his possession as the rightful executor.

The judgment must be *reversed* for the attempt to coerce payment by seizing the body of the appellant, but for no other reason. The judgment that the appellant was entitled to the control of the real estate is *reversed* on the cross-appeal of the appellee, but at the cost of the appellee, and the cause remanded for further proceedings.

*Elliott & Hemingray, for appellant.*

*Bijur & Davie, Lane & Harrison, for appellee.*